Argued and submitted July 11, reversed and remanded September 5, 2013

IN TRANSIT, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Department
T71201; A148846

310 P3d 705

Mitchell C. Baker argued the cause for petitioner. With him on the briefs was Fisher & Phillips, LLP.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Petitioner In Transit, Inc., seeks review of a final order of an administrative law judge (ALJ) that affirmed the Employment Department's assessment of unemployment insurance tax and interest against it. Petitioner challenges the ALJ's determination that businesses with which petitioner contracted to find customers for its freight brokerage services (the affiliates) performed those services as petitioner's employees, rather than independent contractors, and therefore that payments to the affiliates were wages subject to employment tax. *See* ORS 657.040(1) ("Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the Director of the Employment Department that the individual is an independent contractor, as that term is defined in ORS 670.600.").

ORS 670.600(2) establishes four criteria that must be satisfied for a person to be considered an "independent contractor" for these purposes. The issue in this case is whether the first of those criteria—that the person be "free from direction and control over the means and manner of providing the services, subject only to the right of the person for whom the services are provided to specify the desired results," ORS 670.600(2)(a)—was satisfied. *See also* OAR 471-031-0181(3) (defining the "direction and control" test in ORS 670.600). Petitioner contends that the ALJ misconstrued that requirement to mean that the affiliates must be "absolutely free from any and all indicia of control over the manner and means of their work," and, consequently, that we should, at the least, reverse and remand for the ALJ to reconsider the facts under a correct interpretation of the direction and control test. We agree.

In *Avanti Press v. Employment Dept. Tax Section*, 248 Or App 450, 274 P3d 190 (2012)—decided after the ALJ issued his final order in this case—we explained that ORS 670.600(2)(a) "was intended to codify the 'right to control' case law that had developed over the years," *id.* at 460, and that, under that case law, the test "has never required that an 'independent contractor' be free from *all* direction and control," *id.* at 461 (emphasis in original). Rather, we

observed, "the right to control is a matter of degree." *Id.* (brackets and internal quotation marks omitted). Applying the statute and the administrative rule, we weighed the common-law factors bearing on the question of direction and control, particularly those articulated in *Henn v. SAIF*, 60 Or App 587, 654 P2d 1129 (1982), *rev den*, 294 Or 536 (1983), and determined that they "predominate[d]" in favor of a conclusion that the petitioner was an independent contractor, not an employee. *Avanti Press*, 248 Or App at 473.

Here, the ALJ rejected petitioner's suggestion of a balancing test derived from *Henn* and other cases, concluding that those cases were inapplicable because they were decided before the enactment of ORS 670.600(2) and that, under a "plain-language reading" of the statute and the rule, a single factor—petitioner's right of control over the work location—was enough, "standing alone," to prevent the affiliates from being deemed independent contractors. That was incorrect under *Avanti Press*.

Reversed and remanded.